LEOPOLD BEYER AND OTHERS, RESPONDENTS, *v.* MARCIA A. WILSON AND CHARLES A. SMITH, APPELLANTS.

*Verification of an answer by an agent of the defendant — when it complies with the letter and form prescribed by section 524 of the Code of Civil Procedure, it must be received.*

The complaint in this action alleges that the defendant Smith, being insolvent, did, by means of fraudulent representations made by him to plaintiff Beyer, procure goods from the plaintiffs' firm in March 1, 1887; that, in May, 1887, Smith turned over the goods to defendant Wilson, who had full knowledge of the fraud through which they were obtained from the plaintiffs. The defendant Wilson served an answer in which she denies knowledge or information sufficient to form a belief respecting the fraudulent procurement of the goods, denies that the defendant had knowledge of such fraudulent procurement, and that she took the goods with such knowledge, and avers that she purchased the goods of the defendant Smith for a good and valuable consideration, and in good faith, without any knowledge of any fraudulent procurement of them by Smith.

The answer was verified by one J. C. Wilson, who, being duly sworn, stated he was the agent of the said defendant Wilson; that he had read the foregoing answer and knew its contents; that the same was true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believed it to be true; that the reason that the affidavit was made by him and not by said defendant was that she was without the State, and not within the county at the time it was made; that the sources of his knowledge, and the grounds of his belief as to the allegations of said answer, were obtained from papers of the said defendant in his custody relating to the matter in issue, and from conversations had with said defendant relating thereto.

*Held*, that, as nothing was stated in the answer to be alleged on information and belief, and as the agent had, therefore, sworn that every allegation of the answer was true of his own knowledge, the letter and form of section 524 of the Code of Civil Procedure had been complied with, and that an order denying a motion to compel the plaintiffs' attorney to receive the answer should be reversed.

APPEAL from an order made by the St. Lawrence County Special Term, denying a motion to compel plaintiffs' attorney to receive an answer returned by him because of defective verification.

The complaint alleges that the defendant Smith, being insolvent, did, by means of fraudulent representations made by him to plaintiff Beyer, procure goods from the plaintiff's firm in March, 1887; that, in May, 1887, Smith turned over the goods to defendant Wilson, who had full knowledge of the fraud through which they were obtained from the plaintiffs. Defendant Wilson answers and denies knowledge or

information sufficient to form a belief respecting the fraudulent procurement of the goods; denies that the defendant had knowledge of such fraudulent procurement and denies that she took the goods with such knowledge, and avers that she purchased the goods of the defendant Smith for a good and valuable consideration and in good faith, without any knowledge of any fraudulent procurement of them by Smith.

This answer is verified by one Joseph C. Wilson, who, "being sworn, says that he is the agent of the above named defendant, Marcia A. Wilson; that he has read the foregoing answer and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true; that the reason that this affidavit is made by deponent and not by said defendant, is that the said defendant is without the State, and is not within the county now; that the sources of deponent's knowledge and the grounds of his belief as to the allegations of said answer are obtained from papers of said defendant, in his custody, relating to the matter in issue, and from conversations had with said defendant relating thereto."

*George C. Sawyer,* for the appellants.

*H. D. Ellsworth,* for the respondents.

LANDON, J.:

A pleading may oe verified by the agent of the party "where the party is not within the county where the attorney resides," if the attorney resides within the State. (Code of Civil Pro., § 525.)

The Code does not prescribe in what respect the agency must exist, nor that the nature of it be stated in the verification. Here nothing is stated in the answer to be alleged on information and belief, and hence the agent has sworn that every allegation of the answer is true to his own knowledge. (Sec. 524.) The letter and form of the Code have been complied with. It is probable that the agent has sworn that to be true of his own knowledge, which he could not know to be true, but since the Code permits this certificate of the truth of a pleading we do not feel at liberty to set it aside because it fails to command confidence. The art of constraining

parties or their agents to swear to nothing but the truth in verifying pleadings has not been very successfully exercised in these provisions of the Code.

The order must be reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs

POTTER and PARKER, JJ., concurred.

· Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.